CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 29 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | ) |
| | ) Civil Action No. 5:10cv00096 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| TOWN OF STANLEY, ET AL, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

This is an action pursuant to 42 U.S.C. § 1983, by plaintiff, Thomas L. Switzer, who is proceeding *in forma pauperis*, against the Town of Stanley, Virginia and two of its police officers, R.B. Dean and Brown, arising out of two separate arrests for violating the terms of a protective order. Switzer's complaint, even in the light most favorable to Switzer, fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Accordingly, the court dismisses his complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.

Switzer has attached two misdemeanor arrest warrants to his complaint. Each warrant alleges that Switzer violated a protective order issued pursuant to Virginia Code § 16.1-253.1, in violation of Virginia Code § 16.1-253.2. The Juvenile and Domestic Relations District Court of Page County, Virginia issued the first warrant on October 26, 2009, based on the complaint of Page County Deputy Sheriff A. B. Hammer and the second on November 7, 2009, based on the complaint of Sgt. R.B. Dean of the Town of Stanley Police Department.

Switzer alleges that Officer Brown "committed acts of police misconduct" which Switzer identifies as "legal malpractice, false arrest, and entrapment" relating to his October 26, 2009,

arrest. Switzer alleges that he was convicted and his conviction "is on appeal to the Court of Appeals." He states that the "claims presented here are for the actions that preceded the arrest for violating the protection order [and that he] is not seeking a review of the criminal conviction[.]"

Switzer alleges that Sgt. Dean arrested him for the same offense and that he was acquitted. He "asserts that the arrest and imprisonment by Sgt. Dean like the one by Brown violated his civil rights[.]"

Switzer alleges that Virginia Code § 16.1-253.2 is unconstitutional because it "subjects innocent respondents to legal abuses by angry and vindictive spouses and arbitrary enforcement by jurists and law enforcement." His complaint argumentatively asserts that because he is pro se, the court must liberally construe his complaint.

## II.

Switzer's complaint is scant on facts which, if taken as true, would support a claim to relief that is plausible on its face. Accordingly, the court *sua sponte* dismisses Switzer's complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." "[A] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." See id. (internal quotation marks and citation omitted); see also Atherton v. Dist. of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[While pro se complaints] must be held to less stringent standards than formal pleadings[,] . . . even a *pro se* complainant must plead factual matter that

permits the court to infer more than the mere possibility of misconduct.") (internal quotation marks and citations omitted).

However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950.

Here, all that can be rationally or reliably discerned from Switzer's complaint is that Switzer has been arrested twice for violating a protective order in violation of Virginia Code § 16.1-253.2, that he has been convicted once and acquitted once, and that he is complaining about each arrest. In short, it lacks any coherent claim or factual content that would allow this court to draw the reasonable inference that the defendants are liable for actionable misconduct.

### III.

For the reasons stated, the court grants Switzer's application to proceed without prepayment of fees but dismisses Switzer's complaint pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.[1]

---

[1] Section 1915(e) applies to all *in forma pauperis* filings "in addition to complaints filed by prisoners[.]" Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, it is the proper vehicle to dismiss Switzer's complaint.

**ENTER**: This September 29, 2010.

_____
UNITED STATES DISTRICT JUDGE